IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  3:07cr310-WKW |
| | ) | |
| SHARON HIGGINS | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:              CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:     KENT B. BRUNSON

## COUNT  AND STATUTE CHARGED:
Count 1              18 U.S.C. § 1711, Misappropriation of Postal Funds

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:
Count 1              18 U.S.C. § 1711, Misappropriation of Postal Funds

## PENALTIES BY COUNT – MAXIMUM PENALTY:
Count 1              18 U.S.C. §1711, Misappropriation of Postal Funds
    NMT   10Y or;
    NMT   $250,000 fine or both;
    NMT   5Y SUP REL;
    $100   Assessment Fee; and
    VWPA

## ELEMENTS OF OFFENSE:
Count 1                   18 U.S.C. §1711, Misappropriation of Postal Funds
    1.   Defendant was an officer or employee of the Postal Service;
    2.   Defendant converted funds or property of the Postal Service to her own use;
    3.   The money or property came into her hands or control in the execution of her office;
    4.   Defendant acted willfully.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kent B. Brunson, Assistant United States Attorney and Christine Freeman, attorney for the

defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have,

with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1.       Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the government will do the following:

a.       The government will agree, pursuant to Rule 11(c)(1)(C), that the appropriate sentence is probation, provided that the defendant has not committed another state, local or federal offense, after the indictment was returned on the instant offense.

b. The government agrees that the defendant should receive a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). However, the defendant will not receive any acceptance of responsibility if the defendant commits another federal, state or local offense after the dates of the present offenses; violates any of the conditions outlined in the Commentary to §3E1.1, or in any way violates his term of release or supervision if applicable.

c. The government agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure, the plea agreement will become void.

2.       The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information

2

concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3.      The defendant agrees to the following:

a.      To plead guilty to Count 1 of the Indictment.

b.      That the guidelines calculation is from 0 to 6 months and a term of three years probation is an appropriate sentence in this case after the calculation of the sentencing guidelines.

c. The defendant agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure this plea agreement will become void.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK UNDER 28 U.S.C § 2255

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. In addition, the defendant does waive the right to appeal or seek post-conviction relief under 28 U.S.C. § 2255 with respect to any claims that challenge the correctness of his sentence under the advisory sentencing guidelines or 18 U.S.C. § 3553(a). The defendant does not waive true ineffective assistance of counsel challenges that concern the validity of the plea or the waiver itself. The defendant does not waive a challenge of prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States

appeals on any basis defendant's sentence pursuant to 18 U.S.C. § 3742(b), defendant is released from this waiver.

## FACTUAL BASIS

4. The defendant admits the allegations charged as follows:

Count 1, the defendant admits and understands that the nature of the charge to which the plea is offered involves proof that on or about the 1st day of May, 2005, through on or about the 2nd day of May, 2007, in Graham, Alabama, within the Middle District, SHARON HIGGINS, defendant herein, then being the Postmaster at the Graham, Alabama, Post Office, converted to her own use, money and property which came into her hands and under her control in the execution of her office, employment and service, said property being a total of approximately $5,181.28 of the stamp stock for the Graham, Alabama, Post Office, in violation of Title 18, United States Code, Section 1711.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant agrees to enter a guilty plea to Count 1 of the Indictment.

6. The defendant, before entering a plea of guilty to Count 1 of the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant toward reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of

4

sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's ability, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

5

f. The defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further advises the Court that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea if the Court rejects the plea agreement, pursuant to Rule 11(c)(1)(C).

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

6

j. The Defendant is satisfied that defense counsel has been competent and effective in representing the defendant.

7. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. Notwithstanding, the Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. Considering the advisory nature of the Guidelines, the offense level or criminal

7

history category, as calculated by the Probation Officer, may differ from that projected by

defendant's counsel or the U.S. Attorney.

This ___5ᵗʰ___ day of September, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Louis V. Franklin
Chief, Criminal Section
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280

Kent B. Brunson
Assistant United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, AL 36104

8

I HAVE READ THE FOREGOING PLEA AGREEMENT, UNDERSTAND THE SAME, AND THE MATTER AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED.    IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE FREEMAN.

SHARON HIGGNIS
Defendant

9-5-08
Date

CHRISTINE FREEMAN
Attorney for the Defendant

9 / 5 / 08
Date

9